# EXHIBIT X
First Ervin Lawsuit Complaint

| | | |
|---|---|---|
| ANDREW J. ERVIN<br>12722 Manor Road<br>Glen Arm, Maryland 21057<br>    Plaintiff | * | IN THE |
| | * | |
| | | CIRCUIT COURT |
| | * | |
| | | FOR BALTIMORE COUNTY |
| | * | |
| v. | * | |
| JP MORGAN CHASE BANK NA<br>The Corporation Trust<br>351 West Camden Street<br>Baltimore, MD 21201 | * | |
| | * | Case No.: |
|     Defendant | * | |

\*   \*   \*   \*   \*

## COMPLAINT

Andrew J. Ervin, by his attorneys, Gerald Danoff and Scott C. Borison, files this Complaint, and in support thereof state the following:

1. The plaintiff, Andrew J. Ervin, is a Maryland resident and consumer.

2. Defendant, JP Morgan Chase Bank NA ("Chase") is a Federal Bank engaged in the business of mortgage loans in the State of Maryland and nationwide.

### FACTUAL ALLEGATIONS RELATING TO DEFENDANT'S IMPROPER AND UNLAWFUL ACTS

3. On March 21, 2007 the Plaintiff entered into a mortgage loan on his residence 12722 Manor Road, Glen Arm, Maryland 21057 with Washington Mutual Bank..

4. Subsequently the loan was assigned to JP Chase Bank NA.

5. On July 1, 2009 the Plaintiff and Chase entered into a loan modification agreement.

6. On September 3, 2009, despite the loan modification agreement, Chase sold the Plaintiff's home through a foreclosure sale.

EXHIBIT X

7. After the sale, Plaintiff began receiving phone calls about the sale of his home.

8. Plaintiff contacted Chase concerning the calls.

9. On February 25, 2010, the substitute Trustees filed a Petition to withdraw report of sale. The grounds "that prior to the sale, without the knowledge of the substitute trustees, the debtors entered into a Loss Mitigation Program".

10. Chase has been making collection calls to the Plaintiff from the time of execution of the loan modification and in addition, Chase has reported that the Plaintiffs home has been sold at foreclosure sale to the credit reporting agencies.

11. On June 7, 2010, Plaintiff sent a certified letter to the Defendant requesting that all future communications with him be done in writing.

13. The certified request in writing was received by the Defendant Chase on June 9, 2010.

14. Defendant, Chase, after receipt of the request to stop all phone contact, made 86 phone calls to the Plaintiff at home and work

## COUNT I

*Claim for Violation of the MCDCA*

15. Plaintiff incorporates the foregoing allegations.

16. The Defendant's actions violate the Maryland Debt Collection Practices Act, § 14-201 et seq. of the Maryland Commercial Law Article.

17. The Defendant has disclosed information which affects the Plaintiff's credit reputation with knowledge that it is false.

18. The Defendant has claimed, attempted or threatened to enforce a right with knowledge that the right does not exist.

19. The Defendant's actions have caused the Plaintiff mental anguish.

20. The Defendant's actions have damaged the Plaintiff.

## COUNT II

*Claim for Violation of the Maryland Consumer Protection Act ("MCPA")*

21. The Plaintiff incorporates the forgoing paragraphs.

22. The Defendant's acts constitute and unfair or deceptive trade practice under Maryland law.

23. The Plaintiff has been damaged by the Defendant's actions.

24. The Plaintiff is entitled to relief under the Maryland Consumer Protection Act.

Wherefore, the Plaintiff prays for judgment in his favor for the following relief:

a. An amount to be determined by the jury for compensatory damages and for purposes of setting forth an amount as required by the Maryland Rules, an amount not less than $65,000;

b. An award of costs, including attorneys fee.

c. Such and other further relief the nature of the Plaintiff's cause may require.

Respectfully Submitted,

Scott C. Borison, Esq.
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016
Fax: (301) 620-1018

Respectfully Submitted,

Gerald Danoff, Esquire
Danoff & King, P.A.
409 Washington Avenue, Suite 810
Towson, Maryland 21204
(410) 583-1686
Fax: (410) 583-1514

*Attorneys for Plaintiff*

REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury of any claims that may be determined by a jury.

Scott C. Borison

Gerald Danoff